UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUDY ANN MARION, | NO.  C14-512-JLR-JPD |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Judy Ann Marion appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that the Commissioner's decision be REMANDED for calculation of benefits.

I.      FACTS AND PROCEDURAL HISTORY

At the time of the administrative hearing, plaintiff was a fifty-two year old woman with a limited education.  Administrative Record ("AR") at 32, 34.  Plaintiff did not complete the ninth grade, and was enrolled in full-time special education classes in school.  AR at 54.  Her past work experience includes employment as a home caregiver, cashier at Qwest Field and

REPORT AND RECOMMENDATION - 1

Key Arena, and hand packager.  AR at 36-39, 62.  Plaintiff testified that her last gainful

employment was as a babysitter for her infant granddaughter in 2008.  AR at 36, 62.

Plaintiff applied for DIB and SSI payments on December 14, 2004, May 4, 2006, and

June 10, 2010.  AR at 218 (June 2010 applications), 204-11 (May 2006 applications), 339-40

(Master Beneficiary Record from SSA showing plaintiff's disability claim with a "date of

filing – 12/14/2004" and an alleged onset date of "10/2003," as well as her two subsequent

applications in May 2006 and June 2010).[1]

In her most recent June 2010 applications, she initially alleged a disability onset date of

May 1, 2009.  AR at 27.  Plaintiff claimed disability based in large part on IQ scores

establishing mental retardation.  AR at 19, 29, 480, 614, 731.  After plaintiff was denied at all

levels of review following her June 10, 2010 claim, she requested a hearing.  During the

hearing, plaintiff's counsel "request[ed] a reopening of her earlier claims."  AR at 29.  The

ALJ responded that plaintiff "has one earlier claim of May 4th, 2006.  That was denied in

August, 2006.  That's the only other one I know about."  AR at 29.  Plaintiff's counsel clarified

that she wanted to open the prior application, and amend her alleged onset date.  AR at 29.

However, plaintiff's counsel mistakenly described plaintiff's earliest application as being

"filed on October 1, 2003," when in fact the earliest application had a filing date of December

14, 2004.  AR at 29.

The ALJ subsequently issued a fully favorable decision finding that "[a]fter careful

review of the entire record, the undersigned finds that the claimant has been disabled from

October 1, 2003, through the date of this decision."  AR at 17.  In the "Jurisdiction and

---

[1] The record does not contain copies of plaintiff's December 14, 2004 applications for
DIB or SSI.  However, plaintiff has provided a copy of the Master Beneficiary Record from
SSA, which shows plaintiff's disability claim with a "date of filing – 12/14/2004" and an
alleged onset date of "10/2003," as well as her two subsequent applications in May 2006 and
June 2010.  AR at 340.

REPORT AND RECOMMENDATION - 2

1  Procedural History" section of the written decision, the ALJ explained that during the hearing

2  plaintiff had "amended the alleged onset date of disability to October 1, 2003," and then stated:

3           The claimant previously filed a Title II application on October 1, 2003 and a Title
         XVI application on October 1, 2003.  The previous determinations are being
4           reopened because new and material evidence has been submitted[.]"

5  AR at 16.

6           In an amended decision, however, the ALJ struck the paragraph above regarding the

7  fact that plaintiff previously filed applications on October 1, 2003.  AR at 10.  Specifically, the

8  ALJ noted that "the claimant did not file a Title II or Title XVI application on October 1, 2003.

9  The claimant filed the present application on June 9, 2010, and the most recent prior

10 application on May 4, 2006.  As such there are no applications to reopen . . . . [t]he decision

11 otherwise stands as written."  AR at 10.  Thus, the ALJ mistakenly indicated that "there are no

12 applications to reopen" prior to plaintiff's May 2006 applications, but in any event did not

13 amend her actual conclusion that "the claimant has been disabled from October 1, 2003,

14 through the date of this decision."  AR at 17.

15          Upon receipt of the ALJ's Amended Decision, plaintiff's counsel notified the

16 Commissioner that there were, in fact, prior claims as informed by the Social Security field

17 office.  AR at 339-40.  As discussed above, plaintiff provided a copy of the Master Beneficiary

18 Record from SSA, which shows plaintiff's disability claim with a "date of filing – 12/14/2004"

19 and an alleged onset date of "10/2003," in addition to plaintiff's  two subsequent applications

20 in May 2006 and June 2010.  AR at 340.  Although this document was made part of the record,

21 the ALJ did not issue a second amended decision correcting the error.

22          On November 20, 2012, plaintiff sought review from the Appeals Council, arguing that

23 "the ALJ failed to reopen her prior claims under SSR 91-5p and constitutional due process

24 grounds given her conceded mental limitations, including mental retardation."  AR at 11.  On

REPORT AND RECOMMENDATION - 3

1   February 28, 2014, the Appeals Council denied plaintiff's request for review, making the

2   ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. §

3   405(g).  AR at 1-4.  On April 9, 2014, plaintiff timely filed the present action challenging the

4   Commissioner's decision.  Dkt. 3.

5                                   II.       JURISDICTION

6          Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§

7   405(g) and 1383(c)(3).

8                              III.      STANDARD OF REVIEW

9          Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

10  social security benefits when the ALJ's findings are based on legal error or not supported by

11  substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th

12  Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is

13  such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

14  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750

15  (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in

16  medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*,

17  53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a

18  whole, it may neither reweigh the evidence nor substitute its judgment for that of the

19  Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

20  susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

21  must be upheld.  *Id.*

22         The Court may direct an award of benefits where "the record has been fully developed

23  and further administrative proceedings would serve no useful purpose."  *McCartey v.*

24

*Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292

(9th Cir. 1996)).  The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the
> claimant's evidence; (2) there are no outstanding issues that must be resolved
> before a determination of disability can be made; and (3) it is clear from the
> record that the ALJ would be required to find the claimant disabled if he
> considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that

erroneously rejected evidence may be credited when all three elements are met).

## IV.   EVALUATING DISABILITY

As the claimant, Ms. Marion bears the burden of proving that she is disabled within the

meaning of the Social Security Act (the "Act").  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th

Cir. 1999) (internal citations omitted).  The Act defines disability as the "inability to engage in

any substantial gainful activity" due to a physical or mental impairment which has lasted, or is

expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§

423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if her impairments

are of such severity that she is unable to do her previous work, and cannot, considering her age,

education, and work experience, engage in any other substantial gainful activity existing in the

national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-

99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for

determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§

404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At

step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at

any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step

one asks whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R.

REPORT AND RECOMMENDATION - 5

§§ 404.1520(b), 416.920(b).[2]  If she is, disability benefits are denied.  If she is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities.  If the claimant does not have such impairments, she is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

V.      DECISION BELOW

On November 9, 2012, the ALJ issued a decision finding the following:

1.      The claimant's date first insured is July 1, 2005.

2.      The claimant's date last insured is December 31, 2010.

3.      The claimant has not engaged in substantial gainful activity since October 1, 2003, the amended alleged onset date.

4.      The claimant has the following severe impairments: mild mental retardation, post-traumatic stress disorder (PTSD), depressive disorder, alcohol dependence in questionable remission, and low back pain.

5.      The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

6.      The claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) but with the following exceptions: she must avoid concentrated exposure to fumes and hazards; she is limited to simple, repetitive tasks; she must not work with the public; she is unable to maintain competitive pace and persistence because of the combined effects of her cognitive impairment and PTSD symptoms.

7.      The claimant is unable to perform any past relevant work.

8.      The claimant was a younger individual age 18-49 on the established disability onset date.

9.      The claimant has a limited education and is able to communicate in English.

10.     The claimant's acquired job skills do not transfer to other occupations within the residual functional capacity defined above.

11.     Considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant can perform.

12.     The claimant has been under a disability as defined in the Social Security Act, since October 1, 2003, the amended alleged onset date of disability.

13.     The claimant's substance use disorder is not a contributing factor material to the determination of disability.

AR at 18-24.

## VI.      ISSUES ON APPEAL

The principal issue on appeal:

1.      Did the ALJ de facto reopen plaintiff's prior applications for benefits, and if so, has plaintiff suffered any harm as a result of the ALJ's Amended Decision finding that there were no prior applications to reopen?

Dkt. 12 at 1; Dkt. 15 at 1.

## VII.     DISCUSSION

A.      <u>This Case Is Remanded for Calculation of Benefits</u>

Plaintiff argues that the ALJ erred by issuing the Amended Decision which declined to reopen plaintiff's prior claims on the grounds that there were no prior applications to reopen. Dkt. 12 at 5 (citing AR at 10).  Plaintiff points out that she "notified the ALJ that there were in fact prior claims as informed by the Social Security field office . . . [t]his evidence was apparently received and made part of the record; however, the ALJ did not issue another amended decision correcting the error."  *Id.* (citing AR at 339-40).  Plaintiff argues that she "established her right to reopen the prior claims under SSR 91-5p," as demonstrated by the ALJ's finding that new and material evidence establishing plaintiff's mental retardation would have prevented her from understanding and completing the application process on her own due to mental illness at the time she submitted her applications for SSI and DIB in 2004.[3]  *Id.* at 7

---

[3] SSR 91-5p allows for reopening of a determination in a DIB or SSI case at any time if there is "evidence that mental incapacity may have prevented him or her from understanding the review process."  Specifically, "[w]hen a claimant presents evidence that mental incapacity prevented him or her from timely requesting review of an adverse determination . . . and the claimant had no one legally responsible for prosecuting the claim (e.g., a parent of a claimant who is a minor, legal guardian, attorney, or other legal representative) at the time of the prior administrative action, SSA will determine whether or not good cause exists for extending the time to request review. If the claimant satisfies the substantive criteria, the time limits in the reopening regulations do not apply; so that, regardless of how much time has passed since the

(citing AR At 70-71, 277-78).  Plaintiff asserts that the ALJ erred by failing to order the prior applications and associate them with her current claim for benefits, and the Master Summary Beneficiary Report showed the prior disability applications were indeed filed even if they were not made part of the record. *Id*. at 7-8 (citing AR at 340).  However, "neither the ALJ nor the Appeals Council addressed this evidence." *Id*. at 10.

Alternatively, plaintiff contends that "the ALJ has already constructively reopened the prior claims." Dkt. 12 at 9.  Plaintiff points out that "the Ninth Circuit has held that a claim is constructively reopened when an ALJ reconsiders the merits of an earlier claim," and therefore "here, the ALJ's review of the entire period constitutes a constructive reopening even if SSR 91-5 did not apply." *Id*. (citing *Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir. 1988); *Lewis v. Apfel*, 236 F.3d 502, 510 (9th Cir. 2001)).

The Commissioner concedes that, consistent with the Master Summary Beneficiary Report produced by plaintiff, the plaintiff filed her first application for disability benefits on December 14, 2004, alleging that she became disabled in October 2003.  Dkt. 15 at 2.  The Commissioner further asserts that plaintiff subsequently filed two new applications for benefits, and amended her alleged onset date to October 1, 2003 at the administrative hearing on July 23, 2012. *Id*. (citing AR at 29-30).  The Commissioner notes that "Plaintiff argues, and the Commissioner agrees, that the ALJ erred in finding [in the Amended Decision dated November 26, 2012] that there were no applications to reopen – there plainly were." *Id.*[4]

Moreover, the Commissioner agrees with plaintiff's contention that by finding plaintiff disabled as of October 1, 2003, AR at 18, the ALJ de facto reopened plaintiff's earlier

prior administrative action, the claimant can establish good cause for extending the deadline to request review of that action.

[4] For example, the Commissioner points out that despite the ALJ's statement in her amended decision that "there are no applications to reopen," the ALJ also noted that plaintiff had a prior application on May 4, 2006. *Id*. (citing AR at 10).

REPORT AND RECOMMENDATION - 9

applications.  The Commissioner asserts that when an ALJ considers "on the merits" whether the claimant was disabled during an already-adjudicated period, this constitutes a de facto reopening of the prior application.  *Id.* (citing *Lewis*, 236 F.3d at 510 (citing *Lester v. Chater*, 81 F.3d 821, 827 n.3 (9th Cir. 1995))).  The Commissioner concedes that in this case, "[b]y reaching back into the prior period and making an 'on-the-merits' finding that Plaintiff was disabled as of October 1, 2003, the ALJ reopened and granted the prior application."  *Id.* (citing AR at 16-24).  Moreover, "the ALJ's amendment to her decision did not modify her finding that Plaintiff "has been under a disability as defined in the Social Security act since October 1, 2003, the amended alleged onset date of disability."  *Id.* at 2-3.

As a result, the Commissioner contends that the ALJ's Amended Decision was harmless error, because the Commissioner has already granted plaintiff the relief she seeks.  *Id.* at 3.  The Commissioner asserts that plaintiff has suffered no injury in fact and lacks standing to sue in federal court because "the fully favorable decision Plaintiff received included a de facto reopening of her prior applications in spite of the amended decision."  *Id.*

Plaintiff responds that the Commissioner is incorrect that she has suffered no injury in fact as a result of the ALJ's erroneous Amended Decision, because "the ALJ's error here significantly alters Plaintiff's case.  In fact, Defendant's actions have directly harmed Plaintiff by failing to process her prior claims.  She has suffered a real economic injury as she is due financial and medical benefits from the earlier 2004 claims, and SSA will not process those claims given the ALJ's amended order."  Dkt. 19 at 3.  For example, plaintiff's "Title II Notice of Award . . . indicates that her claim has only been processed starting May of 2005.  Likewise, the SSI Notice of Award shows the Commissioner calculated benefits not from her December 14, 2004 application but from June, 2010."  *Id.  See also* Dkt. 19, Appx. A.

REPORT AND RECOMMENDATION - 10

1    Plaintiff is correct.  As discussed above, the Commissioner has conceded that (1) the

2    ALJ's November 26, 2012 Amended Decision erroneously provided that plaintiff did not have

3    prior applications to reopen (AR at 10); (2) plaintiff filed her first applications for disability

4    benefits on December 14, 2004, alleging that she became disabled on October 1, 2003 (AR at

5    340); (3) the ALJ found plaintiff disabled as of October 1, 2003, a finding unaltered by the

6    ALJ's subsequent Amended Decision (AR at 18); and (4) the ALJ's finding "on the merits"

7    that plaintiff was disabled as of October 1, 2003 constituted a de facto reopening of plaintiff's

8    December 2004 application based upon Ninth Circuit precedent.  *See Lester*, 81 F.3d at 827 n.3

9    (providing that "there is an exception to the general rule that courts may not review the

10   Commissioner's decision not to reopen, where the Commissioner considers 'on the merits' the

11   issue of the claimant's disability during the already-adjudicated period.  Where such a de facto

12   reopening occurs, the Commissioner's decision as to the prior period is subject to judicial

13   review.").

14       Thus, it is undisputed that the ALJ de facto reopened plaintiff's December 2004

15   applications, and granted these applications by awarding disability benefits based upon

16   plaintiff's October 1, 2003 alleged onset date.  The only remaining issue in this case concerns

17   whether the Commissioner erred in calculating plaintiff's benefits.   Plaintiff has provided

18   strong evidence that the ALJ's Amended Decision is not harmless error, as it appears to have

19   affected the SSA's calculation of benefits due to plaintiff.  *See* Dkt. 19, Appx. 1.

20       Accordingly, this matter is REMANDED to the Commissioner for vacation of the

21   ALJ's erroneous Amended Decision dated November 26, 2012, AR at 10, and a re-calculation

22   of benefits due to the plaintiff based upon her October 1, 2003 disability onset date.

23

24

REPORT AND RECOMMENDATION - 11

VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **February 12, 2015**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 13, 2015**.

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 29th day of January, 2015.

*James P. Donohue*

_____

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12